UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

NORBERT W. STEWART,
    *Defendant-Appellant.*

No. 01-8078

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Cameron McGowan Currie, District Judge.
(CR-95-320, CA-00-429-5-22)

Submitted: May 22, 2002

Decided: June 12, 2002

Before WIDENER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

**COUNSEL**

Norbert W. Stewart, Appellant Pro Se. Nancy Chastain Wicker, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Norbert Stewart seeks to appeal the district court's order dismissing his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2001). We have reviewed the record and the district court's order and find no reversible error in the denial of § 2255 relief.

On appeal, Stewart asserts that, because the jury rendered a general verdict of guilty on the charge of conspiracy to distribute cocaine, crack cocaine, and marijuana, his 324-month sentence exceeds the five-year statutory maximum in 21 U.S.C.A. § 841(b)(1)(D) (West 1999 & Supp. 2001), for marijuana offenses involving less than fifty kilograms (the least-punished object of the conspiracy) and that, under *United States v. Rhynes*, 196 F.3d 207 (4th Cir. 1999), *vacated in part on other grounds*, 218 F.3d 310 (4th Cir.) (en banc), *cert. denied*, 530 U.S. 1222 (2000), he should be re-sentenced. He also asserts that counsel provided ineffective assistance by failing to raise the issue on direct appeal.*

We conclude that Stewart has failed to show cause and prejudice under *United States v. Frady*, 456 U.S. 152, 167-68 (1982), to excuse his failure to raise on direct appeal his claim under *Rhynes*. We further conclude that counsel did not provide ineffective assistance by failing to raise the *Rhynes* issue in the trial court or on appeal because counsel was not required to anticipate the rule that was subsequently announced in *Rhynes*. In addition, because we find no exceptional circumstances, we decline to review Stewart's claims raised for the first time on appeal. *See Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993).

---

*In addition to this *Rhynes* claim, Stewart's § 2255 motion also alleged ineffective assistance of counsel for failure to object to the court's inclusion of a 1989 Florida conviction in computing his criminal history points. Stewart does not challenge on appeal the district court's dismissal of this claim. We therefore dismiss Stewart's appeal as to this claim. *See* 4th Cir. R. 34(b).

Accordingly, we deny Stewart's motion for appointment of counsel, deny a certificate of appealability, and dismiss the appeal substantially on the reasoning of the district court. *United States v. Stewart*, Nos. CR-95-320; CA-00-429-5-22 (D.S.C. Aug. 29, 2001). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*